IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CR-0102-02-DGK |
| | ) | |
| JAMES C. CHRISMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENT

Pending before the Court is Defendant James Chrisman's Motion for Suppression of Incriminating Statements (Doc. 59) and United States Magistrate Judge John Maughmer's Report and Recommendation (Doc. 93) advising the Court deny the motion. After reviewing the report and conducting an independent review of the applicable law and record, *see* L.R. 74.1(a)(2), the Court ADOPTS the Report and Recommendation and DENIES the motion.

Defendant contends the recorded statement he made to Special Agent Tyrese Koerner after being read his Miranda warnings should be suppressed because it was not freely and voluntarily made. Defendant claims SA Koerner initiated the custodial interrogation prior to reading him his Miranda rights by intentionally showing him incriminating photos and then, after he made incriminating statements, starting the audio recording. Thus, his statement was obtained by use of a two part interrogation technique designed to circumvent *Miranda* requirements and is inadmissible. *See United States v. Tores-Lona*, 491 F.3d 750, 757-58 (8th Cir. 2007) (citing *Missouri v. Seibert*, 542 U.S. 600, 622 (2004)).

The Court agrees with the Magistrate's finding that Defendant's testimony that SA Koerner intentionally showed him incriminating photos prior to Mirandizing him is not credible.

Even if Defendant saw the photos prior to being Mirandized, the record does not demonstrate SA Koerner used the two part interrogation the Supreme Court cautioned about in *Seibert*. Thus, Defendant's post warning statement is admissible as long it was voluntarily made.

After reviewing the entire record, the Court finds Defendant understood his *Miranda* rights, waived them, and was not coerced into speaking with SA Koerner. As a result, Defendant's waiver of his Fifth Amendment right not to speak with SA Koerner was knowing, intelligent, and voluntary, and the motion to suppress should be denied.

**IT IS SO ORDERED.**

Date:   May 20, 2020   　　　　　　　　　　　　　　  /s/ Greg Kays
　　　　　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT