IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:19-CR-0102-02-DGK |
| JAMES C. CHRISMAN, | ) ) | |
| Defendant. | ) ) | |

## ORDER DENYING MOTION TO DISMISS INDICTMENT

Pending before the Court is Defendant James Chrisman's Motion for Dismissal of Indictment (Doc. 60) charging him and the codefendant of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), 924(a)(2), (e)(1) and 2. The motion is brought pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B).

Defendant alleges the Superseding Indictment (Doc. 37) is defective for several reasons, none of which are persuasive. For the following reasons, the motion is DENIED.

### Standard

An indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charge." Fed. R. Crim. P. 7(c). "An indictment is adequate 'if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.'" *United States v. Palmer*, 917 F.3d 1035, 1039 (8th Cir. 2019) (quoting *United States v. Mann*, 701 F.3d 274, 288 (8th Cir. 2012)). "An indictment which 'tracks the statutory language' is

ordinarily sufficient." *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013) (quoting *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008)).

In reviewing the sufficiency of an indictment, a court "accept[s] the government's allegations as true, without reference to allegations outside the indicting document." *United States v. Farm & Home Savings Ass'n*, 932 F.2d 1256, 1259 n.3 (8th Cir. 1991); *see United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) ("[W]e simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be.") (quoting *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000)). The court does not test the sufficiency of the evidence: in criminal cases, there is no corollary to summary judgment under Rule 56. *Ferro*, 252 F.3d at 968. "The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Rule 29." *Id.* (quoting *DeLaurentis*, 230 F.3d at 661). To be sufficient, an indictment need not anticipate affirmative defenses. *United States v. Sisson*, 399 U.S. 267, 288 (1970).

The elements of a § 922(g)(1) offense are: (1) previous conviction of a crime punishable by a term of imprisonment exceeding one year, (2) knowing he or she had previously had been convicted of a crime punishable by a term of imprisonment exceeding one year, (3) knowing possession of a firearm, and (4) the firearm was in or affecting interstate commerce. *Rehaif v. United States*, 588 U.S. __, 139 S.Ct. 2191, 2200 (2019); *United States v. Garcia-Hernandez*, 803 F.3d 994, 996 (8th Cir. 2015).

## Discussion

Defendant makes several arguments in favor of dismissal. All are without merit.[1]

---

[1] The "Discussion" section of the Court's order draws heavily from the Government's Response in Opposition (Doc. 68). This Order will quote from it without further attribution.

First, Defendant's challenges to the sufficiency of the Government's evidence are premature and provide no basis to dismiss the indictment. In deciding a motion brought under Rule 12, a court may not "make factual findings when an issue is 'inevitably bound up with the evidence about the alleged offense itself.'" *Turner*, 842 F.3d at 605 (quoting *United States v. Grimmett*, 150 F.3d 958, 962 (8th Cir. 1998)). "If contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.). Where—as here—the indictment includes a facially sufficient allegation of the elements, the Government is permitted to present its evidence at trial. *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001).

Second, Defendant argues that "the validity of the indictment is effected by showing that Grand Jury lacked sufficient evidence to make a finding of probable cause," and cites *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999), for support. But that case actually stands for the exact *opposite* proposition:

> Nelson argues there was insufficient evidence from which the grand jury could have found probable cause to believe that Nelson was guilty of conspiracy. This argument is without merit. It has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury.

*Id*.

Third, Defendant contends the Government must prove that he knew he possessed a firearm "and that he must know of his prohibited status, e.g. a convicted felon, and/or that his status precludes his possession of a firearm." Mot. at 3. This is incorrect. *Rehaif* does not require the Government to prove that Chrisman knew his status made his possession of the firearm illegal. *United States v. Bowens*, 938 F.3d 790, 797-98 (6th Cir. 2019). Instead, "the

3

Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S.Ct. at 2200. Because the superseding indictment alleges both elements, it is sufficient.

Fourth, Defendant's argument that the Government must prove that he knew also of his codefendant's status as a felon is incorrect and does not render the indictment insufficient. The aiding-and-abetting language of the superseding indictment is "wholly extraneous" and an indictment including that language also alleges liability as a principal. *See Gregory v. United States*, 230 F.3d 1363, at *1 (8th Cir. 2000) (unpublished table decision) (citing *United States v. Pearson*, 667 F.2d 12, 14 (5th Cir. Unit B. 1982) (words "aided and abetted each by the other" do not add an offense to the indictment, nor did they limit the charge)); *see also United States v. Edwards*, 782 F.3d 554, 563 (10th Cir. 2015) ("[T]he fact that an indictment charges two defendants with aiding and abetting one another to commit a crime does not limit the government to a conviction based solely on a theory of aiding and abetting.").

Fifth and finally, Defendant's undeveloped argument that the Government's use of hearsay testimony before the grand jury rendered the indictment invalid is without merit. As a threshold matter, there is no evidence on the record about what, if any, hearsay evidence was presented to the grand jury. Further, Defendant is also incorrect on the law: He cites *United States v. Ruggiero*, 934 F.2d 440, 447 (2d Cir. 1991), for the proposition that the use of hearsay testimony may render an indictment invalid if the grand jury is misled into believing the witness is testifying from first-hand knowledge, or there is a "high probability" that the defendant would not have been indicted had only nonhearsay testimony been used. But *Ruggiero* relied on *United States v. Estepa*, 471 F.2d 1132 (2d Cir. 1972), a case the Eighth Circuit has distinguished. *See United States v. Rossbach*, 701 F.2d 713, 716 (8th Cir. 1983); *see also* Wright & Miller, 1 Fed.

4

Prac. & Proc. Crim. § 112 (4th ed. 2019) ("The *Estepa* case has not won acceptance outside the Second Circuit, and its continued validity inside the Circuit is in significant doubt." (citing *United States v. Williams*, 504 U.S. 36, 54-55 & n.8 (1992) (questioning *Estepa*))). In the Eighth Circuit, "indictments are not open to attack on the ground that mere hearsay was used before the grand jury" except when there is "evidence in the record to suggest that the grand jury was misled into believing that the agent had first-hand knowledge of all that he related." *Powers*, 482 F.3d at 943. Here Chrisman does not identify any such evidence. *Cf. United States v. Rodriguez*, 414 F.3d 837, 842 (8th Cir. 2005) (rejecting challenge to indictment because allegations of false testimony were conclusory).

The motion (Doc. 60) is DENIED.

**IT IS SO ORDERED.**

Date:  May 22, 2020  　　　　　　　　　　　　　 /s/ Greg Kays  
　　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE  
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT